AO 241
(Rev. 12/04)

Page 1

3:12

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

# 05 11522 NMG
## Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of

    money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    > Clerk, United States District Court for
    > Address
    > City, State Zip Code

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241
(Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: MASSACHUSETTS | |
|---|---|---|
| Name (under which you were convicted): Reynard A. Grossi | | Docket or Case No.: |
| Place of Confinement : M.C.I. Cedar Junction at Walpole | Prisoner No.: W-58492 | **MAGISTRATE JUDGE** |
| Petitioner (include the name under which you were convicted) Reynard A. Grossi | v. | Respondent (authorized person having custody of petitioner) David Nolan |
| The Attorney General of the State of MASSACHUSETTS | Thomas Riley | |

**PETITION** 05 1 1 5 2 2 NMG

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Middlesex Superior Court, Cambridge, MA.

    (b) Criminal docket or case number (if you know):  Docket # MICR1999-00984

2.  (a) Date of the judgment of conviction (if you  October 29, 2001

    (b) Date of sentencing:  October 29, 2001

3.  Length of sentence:  Second Degree Life

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

6.  (a) What was your plea? (Check one)

    ☒ (1)    Not guilty        ☐  (3)    Nolo contendere (no contest)

    ☐ (2)    Guilty            ☐  (4)    Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
    you plead guilty to and what did you plead not guilty to?

AO 241
(Rev. 12/04)

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:    COMMONWEALTH OF MASSACHUSETTS APPEALS COURT

(b) Docket or case number (if you know):    Appeal # 2003-P-415

(c) Result:    Judgement Affirmed

(d) Date of result (if you know):    May 26, 2004

(e) Citation to the case (if you know):    N/A

(f) Grounds raised:    I. Conviction must be reversed due to Prosecuter's misstatement of facts during her closing argument.

II. The Trial Court committed reversible error by failing to give an instruction on excessive force in self defense.

III. Violation of due process by granting the prosecution's request to cross-examine potential defense witness.

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

    If yes, answer the following:

    (1) Name of court:   SUPREME JUDICAL COURT FOR THE COMMONWEALTH OF MASS.

    (2) Docket or case number (if you know):    Docket # FAR-14196

    (3) Result:    Further Appellate Review Denied

    (4) Date of result (if you know):    July 21, 2004

    (5) Citation to the case (if you know):    N/A

    (6) Grounds raised: Appeals Court Erroneously Affirmed the Trial

Court's failure to give an instruction on excessive

force in self defense.

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☐ Yes    ☒ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐    Yes    ☐    No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes        ☐   No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes        ☐   No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

    (1) First petition:   ☐ Yes   ☐ No

    (2) Second petition:  ☐ Yes   ☐ No

    (3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Prosecutor's misstatement of facts during her closing

argument was prejudicial to Mr. Grossi and created a miscarriage of justic

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutor Lynch did in fact state repeatedly a statement from a

witness at trial that was never uttered. This created a distortion

and resulted in severe prejudice which may have caused the jury to

reach a different verdict. This factually incorrect statment went

to the heart of the defense of, (1)Claim of provocation as a mitigating

circumstance. (2) defense of actual innocence. (3) Self defense

arguments.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    **Direct Appeal**

Name and location of the court where the motion or petition was filed:    **Commonwealth of**

**Massachusetts Appeals Court, Boston, MA.**

Docket or case number (if you know):    **Appeal No. 2003-P-415**

Date of the court's decision:    **May 26, 2004**

Result (attach a copy of the court's opinion or order, if available):    **Judgement Affirmed.**

**( A copy of the decision will be attached).**

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☒ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**Appellate Attorney only raised one issue for further Appellate**

**Review, that the Appeals Court erred in affirming the Trial**

**Court's decision on not to instruct on excessive force in**

**self defense.**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:    **N/A**

AO 241
(Rev. 12/04)

Page 8

**GROUND TWO:**        The Trial Court committed reversible error by

    failing to instruct on excessive force in self-defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Fact#1-The incident took place in the defendant's apartment, which
he shared w/his girlfriend. Fact#2-The Victim was caught in bed with
the defendant's ex-girlfriend.Fact#3-The victim was significantly
bigger in both height and weight than the defendant.Fact#4-The victim
was armed w/a knife and attacked both the defendant and his girlfriend
whom he wounded severly. When these facts are taken in the light
most favorable to the defendant, his claim for the instruction is valid.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☒  Yes        ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒  Yes        ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Direct Appeal

Name and location of the court where the motion or petition was filed:  Commonwealth of
Massachusetts Appeals Court, Boston, MA.

Docket or case number (if you know):  Appeals Court No.2003-P-415

Date of the court's decision:  May 26, 2004

Result (attach a copy of the court's opinion or order, if available):  Judgement Affirmed
See Attached Copy of Decision.

AO 241
(Rev. 12/04)                                                                                                          Page 9

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?                               ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?       ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Supreme Judicial Court of

Massachusetts , Boston, MA,

Docket or case number (if you know): Docket No. FAR-14196

Date of the court's decision:   July 21, 2004

Result (attach a copy of the court's opinion or order, if available):   Further Appellate Review

denied, See Attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two   _____

_____

_____

_____

**GROUND THREE:**      The Trial Court violated the defendant's due

process rights under the fifth and fourteenth amendments and Article XII.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Due process rights were violated when the trial court granted a

prosecution request to cross-examine a potential defense witness

about the details of a prior conviction, which unnecessarily would

have raised propensity evidence regarding the defendant in an effort

to establish bias. The underlying facts supporting the defendant

were simply to prejudicial towards the defendant and resulted in the

(b) If you did not exhaust your state remedies on Ground Three, explain why: Cont. witness not being called.

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Direct Appeal

Name and location of the court where the motion or petition was filed:    Massachusetts Appeals

Court, Boston, MA.

Docket or case number (if you know):    Appeals Court No. 2003-P-415

Date of the court's decision:    May 26, 2004

Result (attach a copy of the court's opinion or order, if available):    Judgement Affirmed

See Attached Copy.

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Issue not included in Further Appellate Review Brief

AO 241
(Rev. 12/04)

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**    _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐    Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    _____

Name and location of the court where the motion or petition was filed: _____

✎AO 241
(Rev. 12/04)

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?   ☐ Yes   ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:    Appellate Attorney only raised one issue for
Further Appellate Review, (Ground Two, Failing to give an
instruction on Excessive Force in Self=Defense. The other
two grounds were only raised on direct appeal, no FAR was sought.

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?        ☐ Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?        ☐ Yes        ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a) At preliminary hearing:    Arthur L. Kelly, 508 Washington St. Suite 2B
Newton, Massachusetts, 02458

(b) At arraignment and plea:    Same as above.

(c) At trial:          Arthur L. Kelly

(d) At sentencing:     Arthur L. Kelly

(e) On appeal:         James H. Budreau

                       20 Park Plaza, suite 905, Boston, MA  02116

(f) In any post-conviction proceeding:        James H. Budreau

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

       challenging?        ☐ Yes        ☒ No

       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

       (b) Give the date the other sentence was imposed:

       (c) Give the length of the other sentence:

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

       future?        ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

       the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 12/04)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.

AO 241
(Rev. 12/04)

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on  6/30/05  (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

### IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

**APPENDAGE**

ATTACHMENT "A"   APPELLATE COURT DECISION

ATTACHMENT "B"   S.J.C. ORDER DENYING FAR

<u>**ATTACHMENT "A"**</u>

**MASSACHUSETTS APPELLATE COURT'S DECISION AFFIRMING
THE DEFENDANT'S CONVICTION FROM HIS DIRECT APPEAL.**

# Commonwealth of Massachusetts

Appeals Court for the Commonwealth

At Boston,

In the case no. 03-P-415

COMMONWEALTH

*vs.*

REYNARD GROSSI, THIRD.

Pending in the Superior

Court for the County of Middlesex

Ordered, that the following entry be made in the docket:

Judgment affirmed.

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-415

COMMONWEALTH

<u>vs</u>.

REYNARD GROSSI, THIRD.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

The defendant was the subject of an indictment charging him with first-degree murder. After a jury trial, the defendant was found guilty of second-degree murder.

On appeal, the defendant claims that the judge committed error in (1) denying the defendant's motion in limine and ruling that the prosecutor would be allowed to cross-examine a defense witness with evidence that she had tried to smuggle heroin to the defendant while he was in jail and (2) refusing to instruct the jury on the excessive use of force in self-defense. The defendant also contends that the prosecutor committed reversible error in his closing argument.[1]

We recite only those facts that are necessary to address the issues raised by the defendant. In the spring of 1999, the defendant was living at 20 West Street, Newton, with his then

---

[1] In his reply brief, the defendant raises for the first time a claim that his trial attorney was ineffective for not objecting to the prosecutor's argument. The issue was not argued in the defendant's principal brief, so we need not consider it. Moog v. Commonwealth, 42 Mass. App. Ct. 925, 927 (1997). In any event, because we hold that there was no error, defendant's counsel was not ineffective.

girl friend, Lisa Ford.   They had a ten year old son together.

In mid-May, the defendant met Nicole Mahoney and started seeing

her.   In June, the defendant moved in with Mahoney in Waltham.

On June 18, 1999, at about 9:00 $\underline{P}.\underline{M}$., the defendant and

Mahoney saw the victim and Ford together outside a bar in Newton.

Ford made a hand gesture to the defendant and Mahoney, holding up

her middle finger.   Ford and the victim then spent the evening

drinking at various bars.   During the course of the evening, they

met one Martin Flaherty who snorted some cocaine with Ford.   At

about 2:15 $\underline{A}.\underline{M}$., the three returned to Ford's apartment.

Flaherty, who was very drunk, passed out on the living room

couch, and Ford and the victim went up to bed.

Meanwhile, the defendant and Mahoney spent the evening in a

number of bars with a group that included, among others, the

defendant's friend Michael Dolan.   At some time in the early

morning hours, the defendant and Dolan went to an apartment

belonging to other members of the group.

The group left the apartment, went to various bars and then

went back to the apartment after the bars closed.   While there,

the defendant was seen holding an eight-inch long fish filet

knife, which apparently belonged to Dolan.

At about 3:15 $\underline{A}.\underline{M}$., the defendant and Dolan left and the

defendant decided to go to Ford's apartment to get some clothes

that he had left there.   Dolan accompanied him to Ford's

2

apartment.

Once there, the defendant reached in an already broken window pane and unlocked the door. He went upstairs to the bedroom and found the victim in bed with Ford. He punched the victim and a fight broke out. The noise awoke the neighbors, who saw and heard a man and a woman arguing in the kitchen. The woman was Ford. The man kept kicking something that was on the floor. Both were looking at the floor. Ford said, "What are we going to do with this?" The defendant left and went to a friend's house where he was seen to have blood all over him.

The police arrived at 20 West Street and found the victim's body in the driveway. The police kicked in the door to Ford's apartment and found Ford on the floor with a large cut on her left hand. An autopsy revealed that the victim had died of blunt trauma to the head, neck and torso, caused by at least eleven blows like those from a fist or shod foot. He also had stab wounds on his lips caused by a knife, but those wounds did not cause death.

The police started searching for the defendant. He was eventually apprehended by a police officer but escaped and ran into a swamp. He was ultimately pulled out of the swamp by the police.

The defendant gave a statement to the police in which he said, among other things, that he discovered the victim in bed

3

with Ford.  He yelled at the victim and punched him in the face.
According to the defendant, the victim "buffaloed" him, putting
his fists together and thrusting them forward.  The two men
started fighting and wound up in the kitchen.  The defendant said
that the victim picked up a knife, and Ford grabbed it and cut
her hand.  The defendant told the police that then he "lost it"
and "just flipped out," kicking and punching the victim in the
head repeatedly.

     We now discuss the issues raised in this appeal.

     1.  The defendant's motion in limine.  The defendant filed a
motion in limine requesting the judge to rule that if Ford
testified for the defense, the Commonwealth could not, to
demonstrate her bias, offer evidence that she had been arrested
for trying to smuggle heroin to the defendant when she visited
him at MCI Concord in July, 1999.  The judge responded that she
had not heard any of the evidence in the case but "I'm giving you
what I project as my likely ruling based upon what I'm hearing at
this particular hearing."  The judge then ruled that she would
permit cross-examination of Ford about her smuggling heroin to
the defendant to show bias in favor of him.  Ford did not
testify.

     The defendant argues that the judge's ruling was error
because to allow evidence that Ford tried to deliver drugs to the
defendant would be too prejudicial as it would have shown that he

4

was a "scoundrel who has a propensity to commit serious criminal offenses." Defendant's brief, at 38. According to the defendant, as a result of the judge's ruling, Ford was not called as a defense witness. Therefore, the defendant claims he was denied due process.

The judge's ruling was not error. First, it was a tentative ruling and at no time thereafter or during the trial did defense counsel request from the judge a more definite ruling or even call the judge's attention to the issue of calling Ford as a witness. The defense also did not make an offer of proof as to Ford's proposed testimony.

Further, even if it was a definite ruling, it was not error. A judge has discretion to allow a prosecutor to cross-examine a defense witness on bias or motive to lie, even if "it suggests that the witness might have been involved in criminal activity." Commonwealth v. Dixon, 425 Mass. 223, 227-228 (1997).

2. The prosecutor's closing argument. The defendant claims that the prosecutor made a prejudicial misstatement of fact during her closing argument when she said that a Commonwealth's witness stated that during the incident in Ford's kitchen, he heard Ford scream, "Rey, you stabbed me." There was no objection to the prosecutor's comments.

The transcript demonstrates that the witness did state more than once that he heard Ford scream, "Rey, you stabbed me."

5

Defense counsel claimed that the witness did not so testify before the grand jury and, therefore, the prosecutor's argument was error.

A prosecutor may properly base his or her argument upon the evidence and inferences that may reasonably be drawn from the evidence. Commonwealth v. Coren, 437 Mass. 723, 730 (2002). Here, there was ample evidence before the trial jury that the witness did hear Ford scream, "Rey, you stabbed me." Therefore, the comment was proper.

3. Judge's refusal to instruct jury on excessive use of force in self-defense. The defendant filed a written request for an instruction on the crime of voluntary manslaughter based on excessive use of force in self-defense. The defendant claimed that the instruction was warranted because in the defendant's statement to the police, he stated that he fought with the victim and that the victim pulled out a knife and stabbed Ford with it. The judge refused to instruct as to excessive use of force in self-defense but did instruct on reasonable provocation.

It was the theory of the defense that Dolan was the murderer. After the instructions, the defendant did not object to the failure of the judge to charge the jury on excessive use of force in self-defense, perhaps because it would have undercut his theory that Dolan killed the victim.

In any event, the defendant was not entitled to the

6

requested instruction, because the defendant was an intruder who
confronted the victim, a lawful occupant, and punched the victim.
Commonwealth v. Nunes, 430 Mass. 1, 4-5 (1999). Here, there was
no evidence that demonstrated that the defendant had "reasonable
ground to believe, and actually did believe that he was in
imminent danger of death or serious bodily harm." Commonwealth
v. Berry, 431 Mass. 326, 335 (2000), quoting from Commonwealth v.
Carrion, 407 Mass. 263, 268 (1990). Therefore, the defendant did
not have a right to any instruction on self-defense.[2]

Judgment affirmed.

By the Court (Greenberg, Brown
& Smith, JJ.),

Asst.Clerk

Entered:   May 26, 2004.

_____

[2] In the circumstances of this case, the instruction on
reasonable provocation did not require an instruction on self-
defense.  See Commonwealth v. Schnopps, 383 Mass. 178, 180
(1981), S.C., 390 Mass. 722 (1984); Commonwealth v. LeClair, 429
Mass. 313, 316 (1999).

7

<u>**ATTACHMENT "B"**</u>

**NOTICE OF DENIAL OF FURTHER APPELLATE REVIEW BY**

**THE SUPREME JUDICIAL COURT OF MASSACHUSETTS.**

**(NO OPINION WRITTEN OR SENT)**

**Supreme Judicial Court for the Commonwealth of Massachusetts**
One Beacon Street, Third Floor, Boston, Massachusetts 02108
(617) 557-1020

James H. Budreau, Esquire
Oteri, Weinberg & Lawson
20 Park Plaza, Suite 905
Boston, MA 02116

RE:   Docket No. FAR-14196

**COMMONWEALTH**
   vs.
**REYNARD A. GROSSI, THIRD**

> Middlesex Superior Court No. MICR1999-00984
> A.C. No. 2003-P-0415

NOTICE OF DENIAL OF F.A.R. APPLICATION

Please take note that on 07/21/04, the above-

captioned Application for Further Appellate Review was denied.

Susan Mellen, Clerk

Dated: July 21, 2004

To:   James W. Sahakian, A.D.A.
      James H. Budreau, Esquire