UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REYNARD A. GROSSI, )<br>     )<br>     Petitioner, )<br>     )<br>v.     )<br>     )<br>DAVID NOLAN,     )<br>     )<br>     Respondent. )<br>     ) | Civil Action No. 05-11522-NMG |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent David Nolan hereby answers the numbered paragraphs of Petitioner Reynard A. Grossi's Petition for a Writ of Habeas Corpus (the "Petition") as follows:

1. Admitted.

2. Admitted.

3. Petitioner alleges that the length of his sentence is "Second Degree Life." To the extent that Petitioner's allegation may be construed as alleging a life sentence for a second-degree murder conviction, Petitioner admits the allegation contained in Paragraph 3. To the extent that Petitioner's allegation may be construed otherwise, Respondent is without knowledge or information sufficient to form a belief as to the allegation in Paragraph 3, and therefore denies it.

4. Admitted.

5. Petitioner makes no allegations in Paragraph 5 of his petition, and therefore no response is required. Further answering, Respondent states that Petitioner was convicted of second-degree murder.

6. Admitted.

7. Admitted.

8. Admitted.

9. (a) Admitted.

   (b) Admitted.

   (c) Admitted.

   (d) Admitted.

   (e) Petitioner makes no allegations in Paragraph 9(e) of his petition, and therefore no response is required. Further answering, Respondent states that the citation for the unpublished decision of the Massachusetts Appeals Court is *Commonwealth v. Grossi*, 61 Mass. App. Ct. 1107, 808 N.E.2d 1258 (2004), and that a copy of this unpublished decision is attached as Exhibit F to Respondent's Supplemental Answer, filed herewith.

   (f) Denied. Further answering, Respondent states that Petitioner's brief to the Massachusetts Appeals Court, attached as Exhibit B to Respondent's Supplemental Answer, filed herewith, speaks for itself as the grounds raised on appeal.

   (g)(1) Admitted.

   (2) Admitted.

   (3) Admitted.

  (4) Admitted.

  (5) Petitioner makes no allegations in Paragraph 9(f)(5) of his petition, and therefore no response is required. Further answering, Respondent states that the citation for the denial of Petitioner's application for leave to obtain further appellate review is *Commonwealth v. Grossi*, 442 Mass. 1106, 812 N.E.2d 922 (2004), and that a copy of this denial is attached as Exhibit H to Respondent's Supplemental Answer, filed herewith.

  (6) Denied. Further answering, Respondent states that Petitioner's Petition for Leave to File for Further Appellate Review the Massachusetts Supreme Judicial Court, attached as Exhibit G to Respondent's Supplemental Answer, filed herewith, speaks for itself as the grounds raised for further review.

 (h) Admitted.

10. Admitted.

11. Paragraph 11 contains no allegations, and therefore no response is required.

12A. (Ground One). Paragraph 12A contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12A are denied. Further answering, Respondent states that Petitioner has failed to state a claim upon which relief can be granted.

 (a) Paragraph 12A(a) contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12A(a) are denied. Further answering, Respondent states

        that the transcripts of Petitioner's trial speak for themselves as to the testimony, evidence, argument, and rulings at trial.

    (b)    Petitioner makes no allegations in Paragraph 12A(b), and therefore no response is required. Answering further, Respondent states that Petitioner has failed to exhaust his state remedies as to the allegations presented in Paragraph 12A, and has provided no explanation for his failure to do so.

    (c)    Admitted.

    (d)    Respondent admits the allegations in Paragraph 12A(d) to the extent they may be construed as referring to Petitioner's direct appeal. Respondent otherwise denies the allegations in Paragraph 12A(d).

    (e)    Petitioner makes no allegations in Paragraph 12A(e), and therefore no response is required. Answering further, Respondent states that Petitioner has failed to exhaust his state remedies as to the allegations presented in Paragraph 12A, and has provided no explanation for his failure to do so.

12B.    (Ground Two). Paragraph 12B contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12B are denied. Further answering, Respondent states that Petitioner has failed to state a claim upon which relief can be granted.

    (a)    Paragraph 12B(a) contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12B(a) are denied. Further answering, Respondent states that the transcripts of Petitioner's trial speak for themselves as to the testimony, evidence, argument, and rulings at trial.

    (b)    Petitioner makes no allegations in Paragraph 12B(b), and therefore no response is required. Answering further, Respondent states that Petitioner has failed to exhaust his state remedies as to the allegations presented in Paragraph 12B, and has provided no explanation for his failure to do so.

    (c)    Admitted.

    (d)    Respondent admits the allegations in Paragraph 12B(d) to the extent they may be construed as referring to Petitioner's direct appeal. Respondent otherwise denies the allegations in Paragraph 12B(d).

    (e)    Petitioner makes no allegations in Paragraph 12B(e), and therefore no response is required. Answering further, Respondent states that Petitioner has failed to exhaust his state remedies as to the allegations presented in Paragraph 12B, and has provided no explanation for his failure to do so.

12C.    (Ground Three). Paragraph 12C contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12C are denied. Further answering, Respondent states that Petitioner has failed to state a claim upon which relief can be granted.

    (a)    Paragraph 12C(a) contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12C(a) are denied. Further answering, Respondent states that the transcripts of Petitioner's trial speak for themselves as to the testimony, evidence, argument, and rulings at trial.

    (b)    Petitioner makes no allegations in Paragraph 12C(b), and therefore no response is required. Answering further, Respondent states that Petitioner

        has failed to exhaust his state remedies as to the allegations presented in Paragraph 12C, and has provided no explanation for his failure to do so.

    (c)    Admitted.

    (d)    Respondent admits the allegations in Paragraph 12C(d) to the extent they may be construed as referring to Petitioner's direct appeal. Respondent otherwise denies the allegations in Paragraph 12C(d).

    (e)    Petitioner makes no allegations in Paragraph 12C(e), and therefore no response is required. Answering further, Respondent states that Petitioner has failed to exhaust his state remedies as to the allegations presented in Paragraph 12C, and has provided no explanation for his failure to do so.

12D. (Ground Four). Paragraph 12D contains no allegations, and therefore no response is required.

13. (a) Respondent admits that all grounds for relief raised in the Petition have not been raised to the highest state court having jurisdiction. Respondent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13(a), and therefore denies them.

    (b)    Paragraph 13(b) contains no allegations, and therefore no response is required.

14. Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15. Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16. Respondent admits that Petitioner was represented at trial by Arthur Kelly and on appeal by James H. Budreau. Respondent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies them.

17. Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18. Paragraph 18 contains no allegations, and therefore no response is required.

\* \* \* \* \*

Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent states that Petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below. The information and/or materials required by Rule 5(c)-(d) and the Court's Order dated July 20, 2005 are contained in Respondent's Supplemental Answer, which is filed herewith.

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied because Petitioner did not fairly present the substance of all of his federal claims to the Massachusetts Supreme Judicial Court, as the exhaustion doctrine requires. *See* 28 U.S.C. § 2254(b).

### Third Affirmative Defense

The Petition should be denied because Petitioner has procedurally defaulted on one or more of his claims.

### Fourth Affirmative Defense

The Petition should be denied because the state-court adjudication of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Fifth Affirmative Defense

The Petition should be denied because the state-court adjudication of Petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. *See* 28 U.S.C. § 2255(d)(2).

### Sixth Affirmative Defense

The Petition should be denied because Petitioner cannot rebut the presumption of correctness accorded to the state court's factual determination underlying his purportedly federal constitutional claims.

### Seventh Affirmative Defense

Grounds One and Two of the Petition fail to allege any violation of the United States Constitution or federal law, and should therefore be denied. *See* 28 U.S.C. § 2254(a); 2241(c)(3).

### Eighth Affirmative Defense

The Petition should be denied to the extent that Petitioner's grounds for relief are premised solely on matters of state law.

**Ninth Affirmative Defense**

The Petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

**Tenth Affirmative Defense**

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is independent of the federal question(s) Petitioner raises and adequate to support the judgment.

Respondent respectfully reserves the right to amend or supplement this Answer and the accompanying Supplemental Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2833

Dated: September 9, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon petitioner Reynard A. Grossi, W-58492, M.C.I. Cedar Junction, South Walpole, MA 02071 by first-class mail, postage prepaid, on September 9, 2005.

_____
Scott A. Katz