UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REYNARD A. GROSSI,<br><br>　　Petitioner,<br><br>v.<br><br>DAVID NOLAN,<br><br>　　Respondent. | Civil Action No. 05-11522-NMG |

### RESPONDENT DAVID NOLAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Respondent David Nolan respectfully submits this memorandum of law in support of his motion to dismiss Petitioner Reynard A. Grossi's petition for a writ of habeas corpus.[1]

In his petition, Grossi asserts three claims which he contends entitles him to relief from the Court. As Grossi himself concedes, however, he failed to present two of the three claims to the Massachusetts Supreme Judicial Court ("SJC") in his application for leave to obtain further appellate review ("ALOFAR"). Accordingly, these two claims are unexhausted. Grossi's other ground for relief fares no better, and is similarly unexhausted, though for a different reason: while it was included in his ALOFAR, Grossi failed to present the issue in a manner that would have alerted the SJC to the existence of a federal question. As a result, the SJC was not provided any meaningful opportunity to pass on the apparent question of federal law Grossi now presents

---

[1] Pursuant to the Court's Order dated July 20, 2005, filed herewith is Respondent's Supplemental Answer, containing "documents which reflect on the issue as to whether Petitioner exhausted available state remedies."

in his petition. Because Grossi has failed to exhaust any of the three grounds for relief he presents in his petition, his petition must be dismissed in its entirety.[2]

## BACKGROUND

### I.   PRIOR PROCEEDINGS[3]

Following a jury trial, Grossi was convicted of second-degree murder on October 29, 2001. Middlesex County Superior Court Criminal Docket No. MICR1999-00984 (attached as Exhibit A to the Supplemental Answer). Grossi filed a direct appeal with the Massachusetts Appeals Court, raising three issues on appeal:

1. The prosecutor committed reversible error in his closing argument by purportedly misrepresenting the evidence at trial;

2. The judge committed error in refusing to instruct the jury on the excessive use of force in self-defense; and

3. The judge committed error in denying Grossi's motion *in limine* and ruling that the prosecutor would be allowed to cross-examine a potential defense witness with evidence that she had tried to smuggle heroin to Grossi while he was in jail awaiting trial.

*See* Defendant-Appellant's Brief on Appeal at i (attached as Exhibit B to the Supplemental Answer); *Commonwealth v. Grossi*, 61 Mass. App. Ct. 1107, 808 N.E.2d 1258 (2004) (unpublished Memorandum and Order Pursuant to Rule 1:28) (attached as Exhibit F to the Supplemental Answer). In an unpublished Memorandum and Order Pursuant to Rule 1:28,

---

[2]   Since Grossi's petition must be dismissed for the reasons stated herein, in the interest of economy, Respondent will not address any additional affirmative defenses or the merits of Grossi's petition. Should the Court deny Respondent's motion and permit Grossi to proceed, Respondent respectfully requests the opportunity to file a proposed scheduling order for the parties to submit further briefing.

[3]   The following facts are drawn from the pleadings or decisions in Grossi's state-court proceedings, which are attached as exhibits to Respondent's Supplemental Answer ("Supplemental Answer" or "Supp. Ans."), filed herewith.

2

issued on May 26, 2004, the Massachusetts Appeals Court rejected all of Grossi's arguments and affirmed his conviction. Supp. Ans., Exh. F at 2.

Subsequent to the Appeals Court's decision, on June 14, 2004, Grossi filed an ALOFAR with the SJC. *See* Petition for Leave to File for Further Appellate Review (attached as Exhibit G to the Supplemental Answer). Notably, unlike his direct appeal, Grossi's ALOFAR raised just one issue—the second issue he presented to the Appeals Court: whether "the Appeals Court erroneously affirmed the trial court's failure to give an instruction on excessive force in self defense." *Id.* at 1.[4] He did not seek further appellate review of the other two issues which were raised to and rejected by the Appeals Court. And, as described in greater detail below, as to the lone issue on which Grossi did seek further appellate review, he presented his argument solely on the basis of Massachusetts law. On July 21, 2004, the SJC denied Grossi's request for further review. *Commonwealth v. Grossi*, 442 Mass. 1106, 812 N.E.2d 922 (table) (attached as Exhibit H to the Supplemental Answer).

## II. THE INSTANT FEDERAL HABEAS PETITION

On or about July 7, 2005, Grossi filed the instant petition. While worded somewhat differently, the petition raises precisely the same three issues Grossi presented on direct appeal to the Massachusetts Appeals Court:

1. Prosecutor's misstatement of facts during her closing argument was prejudicial to [Grossi] and created a miscarriage of Justice ("Ground One");

2. [t]he Trial Court committed reversible error by failing to instruct on excessive force in self-defense ("Ground Two"); and

---

[4] Grossi's "Statement of Issues" in his ALOFAR presented the issue in similar terms: "Does the Appeals Court's erroneous affirmance of the trial court's refusal to give a jury instruction on excessive force in self-defense raise a substantial issue that [a]ffects the interest of justice and warrants reversal." Supp. Ans., Exh. G at iv.

    3.    [t]he Trial Court violated [Grossi's] due process rights by granting a prosecution request to cross-examine a potential defense witness about certain prior conduct ("Ground Three").

Grossi's Petition at 6, 8-9. As set forth below, Grounds One and Three were never proffered to the SJC at all, while Ground Two was not presented in a manner that would have alerted the SJC to the federal nature, if one exists, of Grossi's claim.

## ARGUMENT

**I. GROSSI FAILED TO EXHAUST AVAILABLE STATE COURT REMEDIES AS TO ALL THREE OF THE CLAIMS IN HIS PETITION.**

It is axiomatic that, before seeking a federal writ of habeas corpus, a state prisoner must first exhaust available state-court remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) ("[A] federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."). The exhaustion principle recognizes the important role that state courts play in enforcing federal law in our system of dual sovereignty, and in the interests of comity, "giv[es] the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted); *see also Rose*, 455 U.S. at 518 (recognizing that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)); *Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 819 (1st Cir. 1988) (noting that exhaustion requirement "ensures that state courts have the first opportunity to correct their own constitutional errors," enables federal courts to accord appropriate respect for state sovereignty, and promotes comity by minimizing friction between federal and state justice systems). Additionally, exhaustion also

4

has the practical benefit of aiding federal district courts with their review of habeas petitions because "claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." *Rose*, 455 U.S. at 519. In this case, Grossi has failed to exhaust his available state-court remedies with respect to all three grounds for relief he presents in his petition.

### A. Grounds One and Three of Grossi's Petition Are Unexhausted Because They Were Not Included in His ALOFAR.

Grounds One and Three of Grossi's petition are unexhausted because he never presented them to Massachusetts' highest court—the SJC—for review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999) (holding claim was not exhausted where not presented to State's highest court). As described above, Grossi's ALOFAR presented the SJC with just one issue—the same one he raises in Ground Two of his habeas petition: whether "the Appeals Court erroneously affirmed the trial court's failure to give an instruction on excessive force in self defense." Supp. Ans., Exh. G at 1. Grossi did not include in his ALOFAR the issues he now raises in Grounds One and Three of his petition, namely: the prosecutor's alleged misstatement of facts during her closing (Ground One), and the trial court's supposedly erroneous grant of a prosecution request to cross-examine a potential defense witness as to certain matters (Ground Three). Indeed, Grossi concedes that these issues were not raised in his ALOFAR. *See* Grossi's Petition at 7, 10 (explaining that Grounds One and Three were not raised in ALOFAR).

It is not enough that Grossi advanced these arguments to the Massachusetts Appeals Court; he must present them in an ALOFAR to the SJC. *O'Sullivan* is directly analogous. *O'Sullivan* involved a habeas petitioner convicted of crimes in Illinois. Similar to Massachusetts,

> Illinois law provides for a two-tiered appellate review process. Criminal defendants are tried in the local circuit courts, and

5

> although some criminal appeals . . . are heard directly by the
> Supreme Court of Illinois, most criminal appeals are heard first by
> an intermediate appellate court, the Appellate Court of Illinois. A
> party may petition for leave to appeal a decision by the Appellate
> Court to the Illinois Supreme Court . . . but whether such a
> petition will be granted is a matter of sound judicial discretion.

*O'Sullivan*, 526 U.S. at 843 (internal quotation marks omitted). As here, the petitioner in *O'Sullivan* sought habeas relief as to certain issues which he had presented to Illinois's intermediate appellate court, but did not present in his petition for discretionary review to the Supreme Court of Illinois. The U.S. Supreme Court held that this was insufficient, and that it was necessary to present such claims in a petition for discretionary review to a State's highest court in order to satisfy the exhaustion requirement in 28 U.S.C. § 2254(b)-(c). *Id.* at 845; *see also Baldwin*, 541 U.S. at 29 (recognizing that a "prisoner must 'fairly present' his claim in each appropriate state court including a state supreme court with powers of discretionary review") (internal parentheses omitted). The First Circuit has specifically held this same principle applicable to Massachusetts's two-tiered court system. *Mele*, 850 F.2d at 818-19 (holding that arguments presented to Massachusetts Appeals Court but not included in ALOFAR to SJC were not exhausted). Anticipating the Supreme Court's holding in *O'Sullivan*, the First Circuit in *Mele* ruled that "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present—or do his best to present—the issue to the state's highest tribunal." *Id.* at 820. Here, as Grossi himself concedes, he has made no attempt to present Grounds One and Three of his petition to the SJC. Accordingly, both claims are unexhausted.

    **B.**    **Ground Two of Grossi's Petition is Also Unexhausted Because He Failed to Fairly Present it as a Federal Claim to the SJC.**

While Grossi's ALOFAR includes the issue he now raises in Ground Two of his petition, Grossi failed to alert the SJC to the purportedly federal nature of his claim, and as a result, has

similarly not satisfied the exhaustion requirement as to Ground Two. In order to exhaust a claim, a habeas petitioner must "show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." *Adelson v. DiPaola*, 131 F.3d at 262. The relevant inquiry "centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." *Nadworny v. Fair*, 872 F.2d 1093 (1st Cir. 1989) (emphasis in original). In other words, a petitioner's claim may be deemed exhausted only where he presented it "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Adelson*, 131 F.3d at 262 (quoting *Scarpa v. Dubois*, 38 F.3d 1, 6 (1st Cir. 1994)). As the First Circuit has emphasized, this is a "heavy burden," *Adelson*, 131 F.3d at 262, and indeed,

> an isolated federal-law bloom in a garden thick with state-law references will [not] serve. There is more to a petitioner's burden than simply citing a federal case or two. . . . Above all else, the exhaustion requirement is to be applied with a view to substance rather than form: the claim need not be argued in detail nor separately presented, but its federal quality . . . must be readily apparent.

*Nadworny*, 872 F.2d at 1101 (emphasis added). Put another way, "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988) (emphasis added).

In making this evaluation, the Court must confine its inquiry to the ALOFAR alone. *See Adelson*, 131 F.3d at 263 ("[T]he decisive pleading is the [ALOFAR], and [a court] must determine whether the petitioner fairly presented the federal claim within 'the four corners' of that application."); *Mele*, 850 F.2d at 823 ("We hold that an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised

7

it within the four corners of the ALOFAR.").[5] Here, Grossi's ALOFAR does not come close to "plainly defin[ing]" a federal question, or making the "federal quality" of the issue it raises "readily apparent." *Martens*, 836 F.2d at 717; *Nadworny*, 872 F.2d at 1101.

Grossi's ALOFAR is directed exclusively toward the issue of whether, as a matter of Massachusetts law, Grossi was entitled to a jury instruction regarding excessive force used in self-defense.[6] He raised no federal constitutional issues, and cited no federal case law.[7] Indeed,

---

[5] Despite its clear statements in *Adelson* and *Mele*, the First Circuit has, on occasion, deviated from its "four corners" rule. *See Barresi v. Maloney*, 296 F.3d 48, 52 (1st Cir. 2002) (stating that "under certain circumstances," a court may also look to "the pleadings and filings submitted by a habeas petitioner to lower state courts"); *Scarpa*, 38 F.3d at 7 (looking to petitioner's motion for new trial in state court because it "provided a backdrop against which his later filings had to be viewed"). As this Court has observed, however, the Supreme Court's recent decision in *Baldwin v. Reese*, 541 U.S. 27 (2004) "may vitiate much of the *Barresi-Scarpa* exception to the 'four corners' rule." *Clements v. Maloney*, 359 F. Supp. 2d 2, 9 n.1 (D. Mass. 2005) (O'Toole, J.). In *Baldwin*, the Supreme Court held that a "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32. It logically follows then, that if a lower court opinion need not be consulted, then the motions or briefs filed with lower courts need not be reviewed either.

[6] Grossi was convicted of second-degree murder after beating to death a man he discovered in bed with his ex-girlfriend. Supp. Ans., Exh. F at 1-2. At trial, Grossi requested a jury instruction on the crime of voluntary manslaughter based on excessive use of force in self-defense because he claimed that his victim wielded a knife during their altercation. The trial court denied his request. *Id.* at 2. On appeal, the Massachusetts Appeals Court, properly recognizing that Grossi was an intruder in a home where the victim was a lawful occupant and that Grossi had initiated the incident, held as a matter of Massachusetts law that Grossi was not entitled to an instruction on the excessive use of force in self-defense. *Id.*

[7] Grossi's ALOFAR cites seven Massachusetts cases: *Commonwealth v. Brum*, 441 Mass. 199, 804 N.E.2d 902 (2004); *Commonwealth v. Berry*, 431 Mass. 326, 727 N.E.2d 517 (2000); *Commonwealth v. Pike*, 428 Mass. 393, 701 N.E.2d 951 (1998); *Commonwealth v. Johnson*, 412 Mass. 368, 589 N.E.2d 311 (1992); *Commonwealth v. Naylor*, 407 Mass. 333, 553 N.E.2d 542 (1990); *Commonwealth v. Walden*, 380 Mass. 724, 405 N.E.2d 939 (1980); and *Commonwealth v. Maguire*, 375 Mass. 768, 378 N.E.2d 445 (1978). Of these, only *Brum*, *Pike*, and *Walden* contain any federal issues or citations to federal case law. And the issues and federal decisions cited in those cases were unrelated to the purportedly federal issue Grossi raises in Ground Two of his petition. *See Brum*, 441 Mass. at 208-09; 804 N.E.2d at 909-10 (addressing introduction into evidence of defendant's pre-arrest silence); *Pike*, 428 Mass. at 401-05, 701 N.E.2d at 958-61

Grossi's eight-page ALOFAR contains just two references to federal law—which are nearly identical to each other, and both of which are made only in passing. They are produced in context, as highlighted, below:

> When the above facts and reasonable inferences are taken in the light most favorable to the defendant, the claim of excessive force in self defense was sufficiently raised at trial to warrant an instruction by the trial court. This denial was clearly prejudicial as it prohibited defendant from raising a self defense type defense, which would have been extremely effective under the circumstances. This erroneous ruling denied Mr. Grossi a fair trial pursuant to the <u>Fifth and Fourteenth Amendments to the United States</u> and Article XII of the Massachusetts Declaration of Rights.
>
> \* \* \* \* \*
>
> **CONCLUSION**
> Appellant Reynard Grossi moves this Court to reverse his conviction for second degree murder and remand his case to the Superior Court for a new trial based upon the foregoing arguments and pursuant to the <u>Fifth and Fourteenth Amendments to the United States</u> and Article XII of the Massachusetts Declaration of Rights.

Supp. Ans., Exh. G at 6-8 (emphasis added to highlight references to federal law).

Two boilerplate citations to the Fifth and Fourteenth Amendments and one oblique claim that the trial court's purportedly "erroneous ruling denied Mr. Grossi a fair trial" are plainly insufficient to make it probable that a reasonable jurist would have been alerted to the existence of a federal question. To hold otherwise would unreasonably elevate form over substance. Indeed, as the First Circuit has held, "the mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim." *Adelson*, 131 F.3d at 263; *see also*

---

(addressing whether constitutional right to travel was permissible condition of probation); *Walden*, 380 Mass. at 730-33, 405 N.E.2d at 945-47 (addressing *Miranda* issues).

*Nadworny*, 872 F.2d at 1097 (observing that "merely alleging the lack of a fair trial" is insufficient); *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987) (holding that "oblique reference" to "rights to a fair trial and due process of the law" was not sufficient to exhaust issue); *Martens*, 836 F.2d at 717 ("The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that theory may be lurking in the woodwork will not turn the trick."). Other courts are in accord. *See, e.g., Gray v. Netherland*, 518 U.S. 152, 163 (1996) ("We have also indicated that it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court."); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (noting that "naked reference to 'due process' . . . was insufficient to state a federal claim"); *Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996) (holding single reference to Fourteenth Amendment was not enough to fairly present federal issue); *Hyman v. Beck*, 337 F. Supp. 2d 761, 764 (M.D.N.C. 2004) (holding that where petition to North Carolina's highest court was presented solely as an issue of state law, "mere incantation of the phrase [United States Constitution] does not satisfy the exhaustion requirement").

In short, Grossi's ALOFAR contains no specific constitutional language, no substantive discussion of constitutional issues, and no citation to federal case law. Even the Massachusetts decisions Grossi cited in his ALOFAR fail to address the purportedly federal nature of the claim he asserts in Ground Two. Grossi's ALOFAR does not even approach making it "<u>probable</u> that a reasonable jurist would have been alerted to the presence of a federal question." *Adelson*, 131 F.3d at 262 (emphasis added).

## II. THE PETITION SHOULD BE DISMISSED RATHER THAN STAYED.

Because Grossi has failed to exhaust any of the three issues he raises in his petition, the petition should be dismissed. To be sure, in some circumstances, it may be appropriate for a

district court to stay a <u>mixed</u> petition of both exhausted and unexhausted claims in order to allow a petitioner to return to state court to exhaust his unexhausted claims. *See Rhines v. Weber*, 125 S. Ct. 1528 (2005) (outlining circumstances where it is appropriate for district court to stay a mixed petition). But Grossi does not present a mixed petition; all the claims he presents are unexhausted. His petition should, therefore, be dismissed. *Rose*, 455 U.S. at 515-16; *see also McCreary v. Smith*, No. 0460202AA, 2005 WL 134914 (E.D. Mich. May 25, 2005) (stating that stay-and-abeyance procedure endorsed in *Rhines* applies only to mixed petitions; stay is inappropriate where all of a petitioner's claims are unexhausted); *Shomo v. Mayer*, No. 04-CV-4149KMK, 2005 WL 743156 at *7 n.12 (S.D.N.Y. March 31, 2005) (recognizing that *Rhines* does not change the framework with respect to petitions containing only unexhausted claims, and that "there is no basis to retain jurisdiction over a petition that contains only unexhausted claims").

In the event the Court finds that Ground Two (or another claim) in Grossi's petition is exhausted, and thus, that he does present a mixed petition, Grossi's petition should still be dismissed rather than stayed. In *Rhines*, the Supreme Court outlined the "limited circumstances" where stay and abeyance is appropriate. 125 S. Ct. at 1535. Among other requirements, a stay is appropriate only where "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*; *Dykens v. Allen*, __ F. Supp. 2d __, 2005 WL 1705515 (D. Mass. June 17, 2005) (Gorton, J.) (opting to dismiss rather than stay case where habeas petitioner could not show good cause for failure to exhaust). Here, Grossi provides <u>no</u> explanation in his petition for his failure to exhaust, much less any explanation that would constitute "good cause." Grossi's Petition at 7, 10, 12-13. Instead, he simply acknowledges that he only "raised one issue for Further Appellate Review. . . . The other two grounds were only raised on direct appeal, no

[ALO]FAR was sought." *Id.* at 13. And, as described above, even as to the one issue which Grossi did raise in his ALOFAR, he did not alert the SJC to the purportedly federal nature of his claim. In short, Grossi has failed to exhaust any of the claims in his petition, and like the petitioner in *Dykens*, there is "nothing in the record [to] suggest[] that [he] had good cause for failing to exhaust his claims below." *Dykens*, __ F. Supp. 2d at __, 2005 WL 1705515 at *3. Grossi's petition should be dismissed.

## CONCLUSION

For the foregoing reasons, Respondent's Motion should be allowed, and Grossi's petition for a writ of habeas corpus should be dismissed in its entirety.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Scott A. Katz*

Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2833

Dated: September 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon petitioner Reynard A. Grossi, W-58492, M.C.I. Cedar Junction, South Walpole, MA 02071 by first-class mail, postage prepaid, on September 9, 2005.

*/s/ Scott A. Katz*

Scott A. Katz