```
                UNITED STATES DISTRICT COURT
                          FOR THE
                  DISTRICT OF MASSACHUSETTS
```

Reynard A. Grossi,
    Petitioner,

V.

                                  Civil Action
                                  No.05-11522-NMG

David Nolan,
    Respondent,


## VERIFIED
## MOTION FOR APPOINTMENT
## OF COUNSEL


      Now comes the petitioner and moves this court to appoint counsel to represent him in the case at bar, for the reasons set forth below:

1. Petitioner is an indigent prisioner as of the filing of this motion and he was declared indigent by the Superior Court and the Supreme Judicial Court of Massachusetts.

2. Petitioner never graduated high school, having dropped out in the ninth grade. He received his G.E.D. in 1993 while in prison, but has had no further education since. The AEDPA, and case law interpreting it, constitutes just the type of complex matters beyond the grasp of the petitioner's intellect.

3. It will be highly unlikely for the petitioner to prosecute this case pro-se. It is a very serious matter, since he was sentenced to life in prison. So he respectfully requests that the court assign counsel to, at least review the claims set asserted in the habeas corpus petition to determine whether they are meritorious.

4. The First Circuit Court of Appeals has long ago ruled that the complexity of an issue, and thus the likelihood that a pro-se litigant can handle the matter himself, should be of paramount concern to a court deciding whether to appoint counsel. See e.g., Cookish V. Cunningham, 787 F.2nd 1,4(1st cir. 986). Some courts consider whether the pro-se litigant has jailhouse lawyers assisting him to prosecute ans defend the case. See e.g. Luttrell V. Mickel, 129 F.3rd, 933,936 (7th cir. 1997).

5. In the case at bar, the petitioner is utterly unable to handle the matter due to its complexity and due to the fact that the prison, althuogh it has a law library, has no jailhouse lawyers, to assist him in the prosecution and defending of the habeas matter.

6. This case constitutes the "exceptional circumstances" contemplated by Cookish, supra, although Cookish dealt with claims asserted under 42 U.S.C. § 1983.

7. Petitioner recognizes fully that he has no constitutional right to counsel in a habeas corpus action. See, Pennsylvania V. Finley, 481 U.S. 551, 555-556 (1987), and Coleman V. Thompson, 501 U.S. 722, 725 (1991). However, in a case such as this, where an evidentiary hearing will be required, counsel should be appointed. See, Abdullah V. Morris, 18 F.3rd 571, 573-574 (8th cir. 1994).

For the aforementioned reasons, this motion should be granted.

Respectfully Submitted,

Reynard A. Grossi, W-58492
Pro-Se
P.O.Box 100
So. Walpole, MA. 02071


VERIFICATION

I, Reynard A. Grossi, verify that the above statements are true and accurate and I do so under the pains and penalties of perjury on this __18th__ day of September, 2005.

By,_____
Reynard A. Grossi, W-58492


CERTIFICATE OF SERVICE

I, Reynard A. Grossi, certify that a copy of this motion was mailed first class mail to Attorney General Thomas F. Riley, at his address of record on this __18th__ day of Sept, 2005.

By,_____
Reynard A. grossi, W-58492

---

1/ Petitioner relied on a fellow inmate to prepare this motion and assist him in filling out his habeas corpus petition enclosed.