**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REYNARD A. GROSSI, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 05-11522-NMG |
| | ) |
| DAVID NOLAN, | ) |
| Respondent, | ) |

## PETITIONER REYNARD A. GROSSI'S MEMORANDUM OF LAW IN SUPPORT
## OF OPPOSITION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Reynard A. Grossi respectfully submits this
memorandum of law in support of opposition to dismiss petition for
writ of habeas corpus.

On September 9, 2005, respondent David Nolan filed a motion
to dismiss Reynard A. Grossi's petition for writ of habeas corpus
and an accompanying memorandum of law in support of. The grounds
cited are that Grossi did not properly, or failed to exhaust
available state court remedies for all three claims raised on his
petition. Specifically, that further appellate review was not
sought on two of the claims, and that the third claim failed to
present the issue to the Massachusetts Supreme Judicial Court("SJC")
in a manner that would have alerted the SJC to the existence of a
federal question.

A district court should stay, rather than dismiss, a mixed habeas petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. 28 U.S.C.A. § 2254(b)(1)(A).

In Rhines v. Weber, 124 S.Ct. 1528(2005), the U.S. Supreme Court's recent decision, the court upheld the discretion of a district court judge to order stay and abeyance as an alternative to a dismissal. The court held that a stay and abeyance is only to be used in limited circumstances, namely where the petitioner can show: (a) good cause for the failure to exhaust the unexhausted claims before filing in federal court; and (b) that the un-exhausted claims are "potentially meritorious". Furthermore, the Court held that, where a stay was allowed, it had to be conditional upon a strict time limit(30 days was suggested)within which the petitioner would have to go back to state court to exhaust and, after exhaustion is completed, return to federal court.

The petitioner has demonstrated no intention-ally dilatory litigation tactics to warrent a dismissal and cites good cause as to the reason(s) his petition may be deemed as "mixed". The respondent claims that all three of the issues raised in Grossi's habeas petition are un-exhausted or were not fairly presented to the S.J.C. with a federal claim.

-2-

Petitioner was represented on his direct appeal by court appointed
C.P.C.S attorney James H. Budreau, who raised three issues to the
Massachusetts Appeals Court, all seemingly meritorious and with
Constitutional claims of violations.(See appellate brief as part
of the assembled record). Attorney Budreau then raised only one of
the three issues for FAR, omitting the other two without explanation
to Grossi. The respondent further points out in his motion to
dismiss, that the sole issue that was raised, uses no federal case
law and thus was wasn't fairly presented with a federal claim to
the S.J.C., and thereby can be deemed un-exhausted.

Costitutionally ineffective assistance of counsel
constitutes cause sufficient to excuse a procedrul default. See
Murry v. Carrier,477 U.S. 478, 488, 106 S. Ct.2639, 91 L.Ed. 2d 397(1986).
A single, serious error nonetheless can support a claim of ineffect-
ive assistance of counsel. Id at 496. See also Kimmelman v. Morrison,
477 U.S. 365, 383, 106 S.Ct. 2574, 91 L.Ed.2d 305(1986). United
States v. Cronic, 466 U.S. 648, 657 n.20, 104 S.Ct. 2039, 80 L.Ed
2d 657(1984).

In this case, the relevant error can be viewed
that the failure to present all three issues for FAR, and including
federal case law and constitutional claims may cause the petitioner
to have his federal habeas petition dismissed. The petitioner can
think of no circumstances or sound strategy that warrants such an
omission. It is Grossi's view that his attorney's representation
was objectively unreasonable under prevailing professional norms
and cannot be reconciled with sound strategy. Prou v. U.S., 199
F.3d 37(1st Cir. 1999).

A petitioner "fairly presents" his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. Franklin v. Rose, 811 F2d 322, 326 (6th Cir. 1987).

The respondent contends that Grossi did not raise his constitutional claims at the state court level by not raising two of the three claims via FAR. And the one claim that was raised did not properly present federal claims. The record reveals that the petitioner did cite constitutional violations in his FAR brief and claims of having his due process and constitutional rights violated under the sixth and fourteenth amendments and article twelve of the Massachusetts Declaration of Rights. His appellate made the decision not to raise the other issues. There is a presumption that there is no procedural default(and thus no adequate and independent state ground for a state court decision) if the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of [the] state law ground is not clear from the face of the opinion."
Coleman v. Thompson,  U.S.    ,    , 111 S. Ct. 2546, 2557,
115 L. Ed. 2d 640(1991). A review of the record will show that the petitioner did present his Constitutional claim to the state court, and that the court (SJC) denied his appeal for FAR on the merits.

In the ordinary course, the petitioner's attorney should have raised all three of the claims that he raised in his appellate brief. The petitioner had much to gain and nothing to lose by him raising the same issues in tne FAR as he did in the appellate brief.

-4-

There was simply no plausible reason not to do so. The petitioner readily concedes that not every lawerly slip constitutes ineffective assistance of counsel, after all, the Constitution entitles a defendant to generally proficient representation, not perfect representation. See Scarpa v. DuBois, 38 F. 3d 1, 9 (1st Cir.1994). Withal, courts have not hesitated in finding ineffective assistance of counsel based upon isolated- but important errors. See, e.g., Mason v. Hanks, 97 F.3d 887, 891-902(7th Cir. 1996); United States v. Cook, 45 F.3d 388, 395 (10th Cir.1995); Jackson v. Herring, 42 F. 3d 1350, 1358-62 (11th Cir. 1995); Gray v. Lynn, 6 F.3d. 265, 268-71(5th Cir. 1993). In this instance, appellate counsel's failure to raise all three issues was no mere garden variety blunder. Where, as here, an attorney fails to raise an important, obvious appeal issue(s), which could possibly lead to federal relief, without any imaginable strategic or tactical reason for the omission his performance falls below the standard of profecient representation that the Constitution demands. See Cook, 45 F3d.at 395; United States v. De la Fuente, 8 F. 3d 1333, 1337 (9th Cir. 1993).In other words, it would have risked nothing by including all issues in the FAR, threrby fully insuring and preserving all of Grossi's appellate issues to raise via writ of habeas corpus. Counsel's eschewal of them amounted to constitutionally deficient performance.

In addition, the district court must consider the alternative of staying the petition rather than dismissal of unexhausted claims, in order to permit the petitioner to exhaust those claims  and then amend the original petition if needed. See Calderon v. United States District Court(Taylor), 134 F.3d 981(9th Cir.1998). In Taylor, supra, the court held that a district court may, in its

-5-

discretion, allow a petitioner to amend a mixed petition by deleting the unexhausted claims, hold the exhausted claims in abeyance until the unexhausted claims are exhausted, and then allow the petitioner to amend the stayed petition to add the now-exhausted claims. The exercise of discretion to stay the federal proceeding is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C.§2244(d). The Second Circuit has held that in such circumstances a stay normally must be granted. Zarvela v. Artuz, 254 F.3d 374, 382-83 (2d Cir.2001). See also Nowaczyk v.Warden, N.H. State Prison, 299 F.3d 69, at 79 (1st Cir.2002)(Indeed, there is a growing consensus that a stay is required when dismissal could jeopardize the petitioner's ability to obtain federal review.).See and compare Kelly v. Small, 315 F.3d.1063(9th Cir.2003).(District Court was required to consider alternative of staying habeas petition after dismissal of unexhausted claims.).

Refering back to Rhines v. Weber,supra, the Court held that "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant a stay at all. On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics". For the same reason, if the court determines that stay and abeyance is inappropriate, it should allow the petitioner to delete the unexhausted claims and proceed with the exhausted ones if dismissing the entire petition would unreasonably impair the petitioner's right to

-6-

obtain federal relief. Id at 346 F.3d 799, vacated and remanded.

Rose v. Lundy, 455 U.S. 509, 518-519, 102 S.Ct. 1198, 71 L.Ed.2d 379

was decided some fourteen years prior to the enactment of AEDPA

hence, there was no statute of limitations on the filing of federal

habeas corpus petitions. As a result, petitioners who returned to

state court to exhaust their previously unexhausted claims could

come back to federal court to present their perfected petitions

with relative ease. See Slack v. McDaniel, 529 U.S. 473,486,120

S.Ct.1595,146 L.Ed.2d 542(2000)(dismissal without prejudice under

Lundy "contemplated that the prisoner could return to federal court

after the requisite exhaustion"). Rather than dismiss the mixed

petition pursuant to Lundy a district court might stay the petition

and hold it in abeyance while the petitioner returns to state

court to exhaust his previously unexhausted claims. Once the petitioner

exhausts his state remedies, the district court will lift the stay

and allow the petitioner to proceed in federal court.

Petitioner Reynard A. Grossi believes that he has shown "good

cause" for the reasons listed in both his motion and the memorandum

in support. There were no demonstration of intentional dilatory

litigation tactics. Petitioner is a pro se prisoner, and does not

come well trained to address such matters. The petitioner is

simply attempting to meet and abide by all requirements necessary

in order to file his federal writ of habeas corpus petition.

The appellate attorney filed both direct appeal and FAR, and did

so , on the assumption that it was in the best interest of Grossi.

Yet, now, it appears that Grossi may suffer due to appellate counsel's

failure to raise and properly preserve his feederal claims. The

petitioner ask that this court grant him a stay and abeyance so

that he can properly go back to state(SJC)court and file a FAR

-7-

which includes the other two issues that were not previously sent to the SJC that are on his pending petition, if this court so desires.

For the above stated reasons, the petitioner asks this court to allow him to proceed with his application for writ of habeas corpus as filed or, in the interim, to grant a stay and abeyance pursuant to the rulings in both Kelly v. Small, 315 F.3d 1063(9th Cir. 2003), and more recently, Rhines v. Weber, supra.

Respectfully submitted,

Reynard A. Grossi, Petitioner(pro-se)

December 31, 2005

-8-

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached document was served upon Scott A. Katz, Assistant Attorney General, One Ashburton Place, Boston, Massachusetts, 02108-1598, via regular mail, postage prepaid on December 31,2005.

Reynard A. Grossi, Pro-se