UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REYNARD A. GROSSI,<br><br>    Petitioner,<br><br>v.<br><br>DAVID NOLAN,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-11522-NMG<br>)<br>)<br>)<br>)<br>) |

### PETITIONER REYNARD A. GROSSI'S MOTION
### FOR STAY AND ABEYANCE

Petitioner Reynard A. Grossi hereby moves that this court stay the pending petition for writ of habeas corpus pending exhaustion of state-court remedies, herein, further appellate review by the Massachusetts Supreme Judicial Court on the two claims that were not sought for further appellate review by petitioner's then appellate counsel. Grounds One and Three were never proffered to the Massachusetts Supreme Judicial Court ("SJC") when appellate counsel sought further appellate review ("FAR"), only Ground Two was. Appellate Counsel never informed the petitioner as to why he only raised one of the three issues for "FAR".

Petitioner is pro-se, and is incarerated, with limited law library services. Appellate counsel's failure to include these other two issues now gives the petitioner good cause to move the court to stay his petition so that "FAR" can be sought for the purpose of exhaustion of these meritorious issues.

In addition, the district court must consider the alternative of staying the petition in order to permit Petitioner to exhaust those claims deemed unexhausted , and then amend them upon completion of state-remedies("FAR"). KELLY V. SMALL, 315 F.3d 1063 (9th Cir. 2003). Indeed, there is a growing consensus that a stay is required when dismissal could jeopardize the petitioner's ability to obtain fedaral review. See also NOWACZYK V. N.H. STATE PRISON, 299 F.3d 69, at 79 (1st Cir. 2002). The Petitioner also relies on RHINES V. WEBER, 125 S.Ct. 1528 (2005), the U.S. Supreme Court's most recent decision regarding mixed petitions. The errors of appellate counsel should not set a "trap for the unwary pro-se prisoner" Id. The petitioner considers this "good cause" for this court to grant this motion in the name of justice, and further states that this is in no way, shape or form a demonstration of "intentionally dilatory litigation tactics", ante, 1535, n.8.

    WHEREFORE, petitioner Reynard A. Grossi respectfully requests that the Court grant this Motion For Stay and Abeyance and allow the petitioner to seek further Appellate Review of the unexhausted claims in his application for Writ for Habeas Corpus. It should also be noted that the petitioner would, (as a matter of practicality) the petitioner would re-file the exhausted and amended claims within thirty days of the final order from the "SJC".

                                      Respectfully submitted,

                                      *[signature]*

Dated: December 31, 2005        Reynard A. Grossi, pro-se
                                      P.O. Box 100
                                      So. Walpole, MA. 02071

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached document was served upon Scott A. Katz, Assistant Attorney General, One Ashburton Place, Boston, Massachusetts, 02108-1598, via regular mail, postage prepaid on December 31, 2005.

Reynard A. Grossi, Pro-se