UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REYNARD A. GROSSI,<br><br>    Petitioner,<br><br>v.<br><br>DAVID NOLAN,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-11522-NMG<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT DAVID NOLAN'S OPPOSITION
TO MOTION FOR STAY AND ABEYANCE**

    Respondent David Nolan hereby opposes Petitioner Reynard A. Grossi's Motion for Stay and Abeyance.[1] Grossi's petition for a writ of habeas corpus advances three claims, all of which are unexhausted.[2] Now, facing possible dismissal of his petition, Grossi seeks to stay this habeas matter so that he can return to state court to pursue his unexhausted claims. But, as described below (and as argued in Respondent's memorandum of law in support of his motion to dismiss), a stay is not appropriate here.

---

[1]    Docket entry # 13.

[2]    Respondent's argument as to Grossi's failure to exhaust is described more fully in his previously filed motion to dismiss (docket entry # 7) and supporting memorandum (docket entry # 8). Briefly, two of the claims included in Grossi's petition were not included in his application for leave to obtain further appellate review ("ALOFAR") to the Massachusetts Supreme Judicial Court ("SJC"), and are, therefore, unexhausted. While Grossi's other claim was included in his ALOFAR, he failed to present the issue in a manner that would have alerted the SJC to the existence of a federal question. Accordingly, Grossi's petition is entirely unexhausted.

I.  **BECAUSE GROSSI'S PETITION IS COMPLETELY UNEXHAUSTED, IT SHOULD BE DISMISSED RATHER THAN STAYED.**

The Supreme Court has held that, in some circumstances, it may be appropriate for a district court to stay a <u>mixed</u> petition of both exhausted and unexhausted claims in order to allow a petitioner to return to state court to exhaust his unexhausted claims. *See Rhines v. Weber*, 125 S. Ct. 1528 (2005) (outlining circumstances where it is appropriate for district court to stay a mixed petition). But, as described in Respondent's memorandum of law in support of his motion to dismiss, Grossi does not present a mixed petition; all the claims he presents are unexhausted. His petition should, therefore, be dismissed. *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (holding that stay is inappropriate where petition contained only unexhausted claims); *Baughman v. Erwin*, No. 1:05-CV-56, 2005 WL 2042998 at *3 (D. Vt. Aug. 9, 2005) (noting that "there is no authority for granting a stay in a case" where the petition contains only unexhausted claims); *McCreary v. Smith*, No. 0460202AA, 2005 WL 134914 (E.D. Mich. May 25, 2005) (stating that stay-and-abeyance procedure endorsed in *Rhines* applies only to mixed petitions; stay is inappropriate where all of a petitioner's claims are unexhausted); *Shomo v. Maher*, No. 04-CV-4149KMK, 2005 WL 743156 at *7 n.12 (S.D.N.Y. March 31, 2005) (recognizing that *Rhines* does not change the framework with respect to petitions containing only unexhausted claims, and that "there is no basis to retain jurisdiction over a petition that contains only unexhausted claims").

II. **GROSSI HAS NOT DEMONSTRATED "GOOD CAUSE" FOR HIS FAILURE TO EXHAUST HIS CLAIMS IN STATE COURT.**

Even if Grossi had presented a mixed petition, his petition should still be dismissed rather than stayed. In *Rhines*, the Supreme Court outlined the "limited circumstances" where stay and abeyance is appropriate. 125 S. Ct. at 1535. Among other requirements, a stay is appropriate only where "there was good cause for the petitioner's failure to exhaust his claims first in state

2

court." *Id.*; *Dykens v. Allen*, 379 F. Supp. 2d. 71, 74 (D. Mass. 2005) (Gorton, J.) (opting to dismiss rather than stay case where habeas petitioner could not show good cause for failure to exhaust).

Here, Grossi's only explanation for his failure to exhaust the two claims which were never presented to the Massachusetts Supreme Judicial Court ("SJC") is to lay the blame on his appellate counsel. Grossi argues that his counsel was ineffective by bringing three issues on direct appeal, but then advancing only one of those issues in his ALOFAR to the SJC. Grossi's argument that this tactical choice is constitutionally ineffective and/or constitutes "good cause" for his failure to exhaust is misplaced.

As an initial matter, Respondent notes the circularity of Grossi's argument: on his view, an appellate counsel's failure to exhaust would constitute *per se* "good cause" sufficient to grant a stay (thereby effectively excusing the failure to exhaust). If this were the case, every habeas petitioner's failure to exhaust could be blamed on appellate counsel and the grant of a stay would be routine in all cases involving unexhausted claims. Such a rule would flout the Supreme Court's command in *Rhines* that stays are to be granted only in "limited circumstances" and would render the "good cause" requirement meaningless.

Next, even if a failure to exhaust could be excused by an appellate counsel's failure to advance certain claims, Grossi has not demonstrated that the decision made by his appellate counsel to omit certain claims from his ALOFAR was constitutionally deficient and/or constitutes "good cause" under *Rhines*.[3] Grossi suggests he "can think of no circumstances or

---

[3]   Respondent notes that the type of error which Grossi contends constitutes "good cause" under *Rhines* cannot, as a matter of law, constitute ineffective assistance of counsel because there is no right to counsel to pursue discretionary appeals. *See Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (per curiam) (holding that since habeas petitioner had no constitutional right to counsel to pursue discretionary review by Florida Supreme Court, he was not deprived of

sound strategy that warrants" the omission of claims from an ALOFAR.  Grossi fails to appreciate that an ALOFAR is a petition for discretionary review, and is not commonly granted. *See, e.g.*, John H. Henn and Michael J. Traft, *Postdecision Practice*, Appellate Practice in Massachusetts (Chapter 20) (MCLE, Inc. 2d ed. 2000 & Supp. 2004) ("The Supreme Judicial Court has historically been reluctant to grant further appellate review.").  It is therefore not unreasonable—and indeed, is probably best practice—to not include every conceivable claim, but only those which are most likely to attract the SJC's attention and increase the likelihood of further review.  *See, e.g.*, *Smith v. Murray*, 477 U.S. 527, 536 (1986) ("This process of winnowing weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (internal quotation marks omitted).

Here, Grossi cannot demonstrate that his appellate counsel's tactical choice to pursue just one claim in his ALOFAR (presumably the most likely to attract review by the SJC) while omitting two other (presumably weaker) claims which could detract from his presentation was unreasonable.  *See Barnhill v. Flannigan*, 42 F.3d 1074, 1079 (7th Cir. 1994) (holding appellate counsel not ineffective by choosing to omit from application to Illinois Supreme Court certain arguments which were rejected by the Illinois Court of Appeals because "counsel simply chose the issue which they believe was most likely to secure a hearing before the Illinois Supreme Court").  The reasonable tactical choice made by Grossi's appellate counsel does not constitute "good cause" for Grossi's failure to exhaust.  *See Johnson v. Sullivan*, No. CV04-7923ABC (MLG), 2006 WL 37037 at *3 (C.D. Cal. Jan. 4, 2006) (recommending that "good cause" did not

---

effective assistance of counsel where attorney failed to timely file application for review); *Ross v. Moffitt*, 417 U.S. 600 (1974) (holding no right to counsel exists to pursue discretionary

exist under *Rhines* based on appellate counsel's failure to raise claim on request for review to California Supreme Court).

In short, Grossi has failed to exhaust any of the claims in his petition, and there is "nothing in the record [to] suggest[] that [he] had good cause for failing to exhaust his claims below." *Dykens*, 379 F. Supp. 2d at 74; *see also Ali v. O'Brien*, No. 04-30005-MAP, 2006 WL 23506 at *5-6 (D. Mass. Jan. 5, 2006).[4]  Grossi's motion for a stay should be denied, and his petition should be dismissed.

## CONCLUSION

For the foregoing reasons, Petitioner Reynard A. Grossi's Motion for Stay and Abeyance should be denied.

Respectfully submitted,

DAVID NOLAN

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Scott A. Katz
Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2833

Dated:  January 31, 2006

---

appeals).  The Court should apply this same principle to the "good cause" requirement under *Rhines*.  Accordingly, the Court need not even reach Grossi's argument on its merits.

[4]     Respondent also notes that Grossi failed to demonstrate that his unexhausted claims are not plainly meritless, as is required to obtain a stay.  *See Rhines*, 125 S. Ct. at 1535.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon petitioner Reynard A. Grossi, W-58492, M.C.I. Cedar Junction, South Walpole, MA 02071 by first-class mail, postage prepaid, on January 31, 2006.

                                                /s/ Scott A. Katz
                                                Scott A. Katz