United States District Court
District of Massachusetts

| | |
|---|---|
| REYNARD A. GROSSI, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 05-11522-NMG |
| ) | |
| DAVID NOLAN, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM & ORDER

**GORTON, J.**

With both parties agreeing that the petitioner for a writ of habeas corpus has failed to exhaust his state remedies, this Court must rule upon motions to dismiss the petition, as the Commonwealth of Massachusetts requests, or to stay the proceedings on it, as requested by the petitioner.

I. **Background**

Reynard A. Grossi ("Grossi"), proceeding pro se in this matter, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in July, 2005. He had been convicted by a jury of second-degree murder on October 29, 2001, and sentenced to life imprisonment on that same date. Grossi's conviction was affirmed by the Appeals Court of Massachusetts over his contentions that three reversible errors had been committed, i.e., that 1) the

prosecutor had misstated facts during closing argument, 2) the trial court had failed to instruct on use of excessive force in self-defense and 3) the court had deprived petitioner of due process by allowing a motion in limine of the prosecutor to cross-examine a potential defense witness about a prior conviction. Commonwealth v. Grossi, 808 N.E.2d 1258 (Mass. App. Ct. 2004). In July, 2004, The Supreme Judicial Court ("the SJC") denied Grossi's application for leave to seek further appellate review ("ALOFAR") in which he contended that the appellate court had erroneously affirmed the trial court's failure to instruct on excessive force in self-defense. Commonwealth v. Grossi, 812 N.E.2d 922 (Mass. 2004).

Grossi now contends that this Court should issue a writ of habeas corpus on the three grounds that he raised in his appeal before the Appeals Court of Massachusetts. His petition explicitly acknowledges, however, that only one of those three grounds was raised on appeal to the SJC.

In September, 2005, the Commonwealth filed a motion to dismiss Grossi's habeas petition for failing to exhaust state remedies. The Commonwealth asserts that two claims of Grossi are clearly unexhausted and argues that the third should be deemed unexhausted because Grossi's ALOFAR failed to direct the SJC to the existence of a federal question. In response, Grossi concedes that he has failed to exhaust state remedies with

respect to two claims but contends that the situation calls for a stay and abeyance of his petition rather than dismissal of it outright.

## II. Discussion

Petitioners who seek federal habeas relief from state-court convictions must first exhaust all remedies available in state courts. 28 U.S.C. § 2254(b)(1)(A). In order to provide state courts with the "opportunity" to consider alleged violations of federal law, petitioners must "fairly present" their claims of error to each appropriate state court in a manner that "alert[s] that court to the federal nature of the claim". Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted).

The United States Supreme Court has recently clarified how district courts should treat "mixed" petitions containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005). In Rhines, the Court held that district courts were neither to dismiss mixed petitions automatically nor to hold them in abeyance pending exhaustion of petitioner's claims. Courts are permitted to apply "stay-and-abeyance" procedures in "limited circumstances" where the petitioner shows "good cause" for failing to exhaust state remedies. Id. at 277. Notwithstanding a demonstration of good cause by the petitioner, a district court would not abuse its discretion by denying a request for a stay where the petitioner's unexhausted claims were "plainly

meritless". Id. On the other hand, granting a stay might be required

> if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in dilatory litigation tactics.

Id. at 278.

Where stay and abeyance is unwarranted but dismissal of the petition "would unreasonably impair the petitioner's right to obtain federal relief" (e.g., because the statute of limitations had run), the district court is to allow the petitioner to delete unexhausted claims from his petition and to proceed with exhausted claims. Id. (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

Here, the Commonwealth contends that Grossi's petition ought to be dismissed because he has failed to exhaust any of the claims that he asserts as grounds for habeas relief. Even assuming that Grossi has adequately exhausted one of his claims, the government maintains that the Court should dismiss rather than stay the petition because petitioner has not shown "good cause" for his failure to exhaust. Grossi responds that 1) his petition should be considered "mixed" because he satisfactorily presented a federal question to the SJC and 2) his failure to exhaust the other claims is due to ineffective assistance of counsel, a fortiori, good cause. As to the latter point, Grossi asserts that the decision to appeal only one of three claims to

the SJC was an objectively unreasonable decision by his appellate counsel and lacking any tactical basis.

As an initial matter, the Court concludes that Grossi "fairly presented" to the SJC the federal nature of his challenge to the trial court's instructions. A federal issue is fairly presented where

> it is more likely than not that a reasonable jurist would recognize the constitutional dimensions of the petitioner's claims, given the manner in which those claims were presented.

Barresi v. Maloney, 296 F.3d 48, 52 (1st Cir. 2002). That standard may be satisfied where the petitioner 1) cites a provision of the United States Constitution or claims specific rights guaranteed thereunder, see id. (citation omitted), or 2) relies upon constitutional precedents including state-law decisions interpreting federal constitutional issues, see Nadworny v. Fair, 872 F.2d 1093 (1st Cir. 1989); Scarpa v. Dubois, 38 F.3d 1, 7 (1st Cir. 1994).

While Grossi's ALOFAR could have delineated his federal claim with more precision, the federal ingredient of that claim was adequately presented. Within a fairly short memorandum, petitioner specified in two places that his rights had been infringed under the Fifth and Fourteenth Amendments to the United States Constitution. He also stated that the trial court's ruling had deprived him of a "fair trial" as a matter of state and federal constitutional law. Those references fairly apprised

the SJC of the federal nature of his claim. Although Grossi cited no federal case law in support of his contentions, that "omission is not fatal". Scarpa, 38 F.3d at 8 ("Although such citation is strongly recommended if only to avoid controversies of this nature, we have specifically declined to adopt a bright-line rule.") (citation omitted).

Notwithstanding its determination that Grossi's petition is a mixed one, the Court concludes that a stay would be inappropriate because petitioner has not demonstrated good cause for failing to exhaust two of his three claims. While the decision of Grossi's appellate counsel (assuming that Grossi's role in that decision was limited) to focus petitioner's SJC appeal upon a single issue may have been incomprehensible to Grossi, it does not constitute ineffective assistance. There are logical reasons why counsel may choose to press one argument and not another. Absent evidence that petitioner's counsel failed to present the unexhausted claims out of a dearth of professional competence, the Court concludes that counsel's representation of Grossi was "reasonably effective". Strickland v. Washington, 466 U.S. 668, 687 (1984). As the government notes, the rule promoted by Grossi would render counsel's failure to exhaust state remedies good cause as a matter of course. The effect of such a rule is incongruent with the Supreme Court's command that stays be issued only in "limited circumstances". Rhines, 544 U.S. at

277.

## ORDER

In accordance with the foregoing memorandum,

1) the Motion to Dismiss of Respondent Nolan (Docket No. 7) is **DENIED** without prejudice;

2) the Motion of Petitioner Grossi for Stay and Abeyance (Docket No. 13) is **DENIED**; and

3) the Motion of Petitioner Grossi for Appointment of Counsel (Docket No. 9) is **DENIED.**

This case will remain active for 45 days during which petitioner may voluntarily dismiss his unexhausted claims and proceed with his claim that the trial court erred with respect to the self-defense instruction. If petitioner fails to dismiss his unexhausted claims within 45 days, the Court will dismiss the entire petition. If petitioner elects to dismiss his unexhausted claims, respondent may re-file a motion to dismiss Grossi's petition on the merits.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: May 26, 2006