UNITED STATES DISTRICT COURT

REYNARD GROSSI
PETITIONER,

v.

DAVID NOLAN
RESPONDENT.

FILED CIVIL ACTION
IN CLERKS OFFICE  No. 05-11522-NMG

2007 MAY 16  P 2: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

## PETITIONER'S MOTION FOR RECONSIDERATION OF COURT'S ORDER OF DISMISSAL

Now comes the Petitioner, Reynard Grossi, pro-se, and moves this Honorable Court to reconsider it's March 7, 2007 order of dismissal as the Petitioner was not permitted to file an opposition to Respondent's motion to dismiss which resulted in the Court's March 7, 2007 order of dismissal.

As grounds thereof and showing good cause, the Petitioner states as follows:

1. On July 7, 2005, the Petitioner initiated the instant action (PAPER #1). On September 9, 2005 the Respondent filed his motion to dismiss for, inter alia, failure to exhaust (PAPER #7,8); On January 12, 2006, the Petitioner filed his opposition to Respondent's motion to dismiss (PAPER # 11,12).

2. On May 26, 2006, the Court (GORTON, J.) issued his memorandum and order denying, inter alia, Respondent's motion to dismiss (AT PAPER #7,8) and ordered the Petitioner to voluntarily dismiss his unexhausted claims within 45 days or face dismissal of the entire action. In addition, the Court (GORTON, J.) authorized the Respondent to re-file a motion to dismiss to address the merits of the exhausted claims should the Petitioner elect to voluntarily dismiss the unexhausted claims (PAPER # 15)

1.

3. ON JULY 6, 2006, THE PETITIONER VOLUNTARILY DISMISSED THE UNEXHAUSTED CLAIMS (PAPER #16) AND ON SEPTEMBER 1, 2006, THE RESPONDENT FILED A MEMORANDUM OF LAW IN SUPPORT OF HIS REFILED MOTION TO DISMISS (PAPER #17).

4. THE PETITIONER NEVER RECEIVED THE RESPONDENT'S REFILED MEMORANDUM OF LAW (PAPER #17), THUS NOT HAVING RECEIVED ANY ACTIVITY AS TO THE ACTION SINCE HIS MOTION TO VOLUNTARILY DISMISS THE UNEXHAUSTED CLAIMS (PAPER #16), THE PETITIONER REQUESTED A COPY OF THE DOCKET ENTRIES ON JANUARY 24, 2007 (PAPER #18).

5. UPON RECEIPT OF THE DOCKET ENTRIES, THE PETITIONER BECAME AWARE THAT THE RESPONDENT HAD FILED A MEMORANDUM OF LAW IN SUPPORT OF A REFILED MOTION TO DISMISS (PAPER #17). THIS WAS THE FIRST INSTANCE IN WHICH THE PETITIONER BECAME AWARE OF ANY FILING BY THE RESPONDENT SINCE THE COURT'S (GORTON, J.) MAY 26, 2006 ORDER (PAPER #15).

6. ON JANUARY 29, 2007, THE PETITIONER SENT A CORRESPONDENCE TO ASSISTANT ATTORNEY GENERAL SCOTT A. KATZ INFORMING HIM THAT HE HAD NOT RECEIVED A COPY OF THE SEPTEMBER 1, 2006 MEMORANDUM, THAT HE HAD TO LEARN OF THE EXISTANCE OF SUCH VIA MONITORING THE DOCKET AND A REQUEST THAT MR KATZ FOWARD A COPY OF THE MEMORANDUM AS SOON AS DEEMED POSSIBLE. (EXHIBIT-A).

7. MR. KATZ NEVER PROVIDED THE PETITIONER WITH A COPY OF THE MEMORANDUM NOR HAS THE PETITIONER EVER RECEIVED A COPY OF THE DOCUMENT FROM ANY OTHER SOURCE, THUS THE PETITIONER WAS NEVER PERMITTED TO REVIEW AND FILE A RESPONSE AND OPPOSITION TO THE RESPONDENT'S SEPTEMBER 1, 2006 MEMORANDUM.

8. ON MARCH 7, 2007, THE COURT (GORTON, J.) ISSUED AN ORDER OF DISMISSAL IN ACCORDANCE TO THE RESPONDENT'S SEPTEMBER 1, 2006 (PAPER #17) MEMORANDUM WHICH THE PETITIONER HAD NEVER RECEIVED A COPY OF WHICH, THUS PREVENTING HIS FILING OF AN OPPOSITION TO SUCH. (EXHIBIT-B)

2.

WHEREFORE, THE PETITIONER PRAYS THIS HONORABLE COURT TO RECONSIDER ITS MARCH 7, 2007 ORDER OF DISMISSAL AND ORDER THE PETITIONER TO FILE AN OPPOSITION TO THE RESPONDENT'S SEPTEMBER 1, 2006 MEMORANDUM WITHIN 30 DAYS UPON RECEIVING A COPY OF THE SEPTEMBER 1, 2006 MEMORANDUM. (PAPER #17).

5/8/07
DATED

RESPECTFULLY,

REYNARD A. GROSSI
W-58492
SBCC
BOX 8000
SHIRLEY, MA. 01464

CERTIFICATE OF SERVICE

I, REYNARD GROSSI, HEREBY CERTIFY UNDER THE PAINS AND PENALTIES OF PERJURY THAT I DID MAIL A TRUE AND ACCURATE COPY OF THE ENCLOSED DOCUMENTS VIA FIRST CLASS PRE PAID UNITED STATES POSTAGE TO:

SCOTT A. KATZ
ASSISTANT ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
CRIMINAL BUREAU
ONE ASHBURTON PLACE
BOSTON, MA 02108

ON THIS 8 DAY OF MAY 2007.

REYNARD A. GROSSI

3.

Reynard A. Grossi
W58492
MCI- Walpole
Box 100
S. Walpole Mass 02071

**A EXHIBIT**

Scott A. Kantz
Office of the Attorney General
Criminal Bureau
One Ashburton Place
Boston Ma. 02108

January 29, 2007

RE: Grossi v. Nolan, Civ. Act. No. 05-11522-NMG

Dear Mr. Kantz,

Please be advised that I recently received a copy of the docket entry sheet and noticed that you had filed a memorandum on September 1, 2006 (Docket Entry #17). Please note that I have never received a copy of this document and my noticing such on the docket entry sheet is the first I heard of such. I would appreciate if you would forward to me a copy of the memorandum as soon as possible so I may file an opposition to such.

I do not blame you for any impropriety, I'm certain it just got misplaced or crossed in the mail as this place has a tendency to misplace and lose a lot of prisoner mail. Thus, if you are certain you already sent such, please send it again as I have not received it.

Thank you for your time.

Truly yours,
Reynard Grossi



# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Reynard Grossi,**
          Petitioner

     V.

**David Nolan,**
          Respondent

CIVIL ACTION

NO. 05-11522-NMG

### Order of Dismissal
### March 7, 2007

**Gorton, D. J.**

In accordance with the Courts allowance of Respondents memorandum of law (Docket No. 17), it is hereby Ordered petition Dismissed.

Approved,

/s/ Nathaniel M. Gorton,
**United States District Judge**

By the Court,

/s/ Craig J. Nicewicz
**Deputy Clerk**

(Dismendo.ord - 09/92)

[odism.]

UNITED STATES DISTRICT COURT

CIVIL ACTION
NO. 05-11522-NMG

REYNARD GROSSI
PETITIONER,

V.

DAVID NOLAN
RESPONDENT.

AFFIDAVIT OF REYNARD GROSSI IN SUPPORT
OF PETITIONER'S MOTION FOR RECONSIDERATION
OF COURT'S ORDER OF DISMISSAL.

I, REYNARD GROSSI, HEREBY DEPOSE AND STATE THE FOLLOWING TO BE TRUE AND ACCURATE:

1. ON JANUARY 24, 2007 I HAD SENT A LETTER TO THE CLERK'S OFFICE REQUESTING A COPY OF THE DOCKET ENTRIES DUE TO MY CONCERN OF NOT HAVING RECEIVED ANY ACTIVITY IN THE CASE SINCE MY FILING OF A MOTION FOR VOLUNTARY DISMISSAL OF UNEXHAUSTED CLAIMS ON JULY 6, 2006. (PAPER #16)

2. UPON RECEIPT OF THE DOCKET ENTRIES, I NOTICED THAT THE RESPONDENT HAD FILED A MEMORANDUM OF LAW TO DISMISS ON SEPTEMBER 1, 2006 (PAPER #17). I HAD NEVER RECEIVED A COPY OF THIS MEMORANDUM AND HAD I NOT RECEIVED A COPY OF THE DOCKET ENTRIES I WOULD NEVER HAVE KNOWN THAT THE DOCUMENT EXISTED. THIS WAS THE FIRST TIME I WAS MADE AWARE OF THE EXISTANCE OF THE SEPTEMBER 1, 2006 MEMORANDUM. HAD I BEEN AWARE OF SUCH I WOULD HAVE CERTAINLY FILED AN OPPOSITION AS THE INSTANT ACTION CONCERNS MY LIBERTY.

3. ON JANUARY 29, 2007, I SENT A LETTER TO ASSISTANT ATTORNEY GENERAL SCOTT KANTZ. I INFORMED HIM THAT I NEVER RECEIVED A COPY OF THE SEPTEMBER 1, 2006 MEMORANDUM (PAPER #17) AND THAT

1.

I FIRST BECAME AWARE OF SUCH UPON REVIEWING THE DOCKET ENTRY. IN ADDITION I REQUESTED THAT MR. KANTZ FOWARD TO ME A COPY OF THE MEMORANDUM SO I COULD FILE MY OPPOSITION TO SUCH.

4. AS OF THE PRESENT DATE MR. KANTZ HAS NOT FOWARDED TO ME A COPY OF THE SEPTEMBER 1, 2006 MEMORANDUM (PAPER #17) NOR HAVE I RECEIVED A COPY OF SUCH FROM ANY OTHER SOURCE.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 8 DAY OF MAY 2007.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　REYNARD GROSSI
　　　　　　　　　　　　　　　　W-58492
　　　　　　　　　　　　　　　　SBCC
　　　　　　　　　　　　　　　　BOX 8000
　　　　　　　　　　　　　　　　SHIRLEY, MA 01464

2.